1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PEREZ, SR., | Case No.  1:14-cv-01699-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION |
| v. | (ECF No. 1) |
| FRESNO POLICE DEPARTMENT, | OBJECTIONS DUE WITHIN THIRTY DAYS |
| Defendant. | |

Plaintiff Robert Perez, Sr., an inmate in the Fresno County Jail proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 30, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

4  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

5  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

6                                              **II.**

7                               **COMPLAINT ALLEGATIONS**

8          Plaintiff brings this action against the Fresno Police Department alleging that in 1999 he

9  was leaving the house of a friend and four Fresno Police Officers pulled up.  (Compl. 2-3, ECF

10  No. 1.)  An officer told Plaintiff to stop but he took off running.  They started shooting and

11  Plaintiff was shot in the side.  Plaintiff alleges he was kicked while he was in a parking lot.  (Id.

12  at 3.)

13         Plaintiff was taken to University Medical Center by Officer Luna Janee and tied to a bed.

14  Plaintiff was not aware that he had a bullet in him until he was shown x-rays.  The bullet was not

15  removed.  Plaintiff contends that he was shot without reason and brings this action for cruel and

16  unusual punishment.  (Id. at 4.)

17                                             **III.**

18                                       **DISCUSSION**

19  **A.      Municipal Liability**

20         Plaintiff brings this action against the Fresno Police Department.  A local government

21  unit may not be held responsible for the acts of its employees under a respondeat superior theory

22  of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  Rather, a local

23  government unit may only be held liable if it inflicts the injury complained of through a policy or

24  custom.  Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  Generally,

25  to establish municipal liability, the plaintiff must show that a constitutional right was violated,

26  the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional

27  rights, "and the policy was the moving force behind the constitutional violation."  Burke v.

28  County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v.

1  County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).

2      A municipality can be held liable under section 1983 under three theories.  First, where

3  the implementation of official policies or established customs cause the constitutional injury.

4  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010).  Second, where acts

5  or omissions causing the constitutional injury amount to official policy of the municipality.

6  Clouthier, 591 F.3d at 1249.  Finally, where an official has ratified the unconstitutional decision

7  or action of an employee of the municipality.  Id. at 1250.  "A custom can be shown or a policy

8  can be inferred from widespread practices or 'evidence of repeated constitutional violations for

9  which the errant municipal officers were not discharged or reprimanded.'"  Pierce v. County of

10  Orange, 526 F.3d 1190, 1211 (9th Cir. 2008).

11      Plaintiff has not alleged that a policy existed that was the moving force behind his injury.

12  Plaintiff has failed to state a claim against Defendant Fresno Police Department.

13      **B.      Excessive Force**

14      Plaintiff brings this action for cruel and unusual punishment in violation of the Eighth

15  Amendment, however the Eighth Amendment protects prisoners from inhumane methods of

16  punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d

17  1041, 1045 (9th Cir. 2006).  "The Fourth Amendment provides that 'the right of the people to be

18  secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,

19  shall not be violated * * *.' "  Terry v. Ohio, 392 U.S. 1, 8 (1968).  The Constitution does not

20  forbid all searches and seizures, but unreasonable searches and seizures.  Terry, 392 U.S. at 9.

21      In determining the constitutionality of a seizure, the court considers the level of suspicion

22  required by law enforcement and the manner in which the seizure occurred.  U.S. v. Guzman-

23  Padilla, 573 F.3d 865, 876-77 (9th Cir. 2009).  In considering the manner in which the seizure

24  occurred, the Court looks at the totality of the circumstances and "must balance the nature and

25  quality of the intrusion on the individual's Fourth Amendment interests against the importance of

26  the governmental interests alleged to justify the intrusion" to determine the reasonableness of the

27  seizure.  Scott v. Harris, 550 U.S. 372, 383 (2007) (quoting United States v. Place, 462 U.S. 696,

28  703 (1983)); Guzman-Padilla, 573 F.3d at 876-77.

1    To state a claim under section 1983, Plaintiff must demonstrate that each defendant

2 personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 677; Simmons v.

3 Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

4 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.   In other words, to state a claim for

5 relief under section 1983, Plaintiff must link each named defendant with some affirmative act or

6 omission that demonstrates a violation of Plaintiff's federal rights.

7    Plaintiff's allegations may be sufficient to state a claim against the officer that performed

8 the acts alleged, however as discussed below, the Court finds that it would be futile to allow

9 Plaintiff to file an amended complaint.

10    **C.    Deliberate Indifference**

11    In the complaint, Plaintiff states that he did not receive any medical care at all.  (ECF No.

12 1 at 3.)  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

13 inmate must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

14 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291

15 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious

16 medical need' by demonstrating that failure to treat a prisoner's condition could result in further

17 significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's

18 response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096; Wilhelm v. Rotman,

19 680 F.3d 1113, 1122 (9th Cir. 2012).

20    Deliberate indifference is shown where the official is aware of a serious medical need and

21 fails to adequately respond.  Simmons, 609 F.3d at 1018.  "Deliberate indifference is a high legal

22 standard."  Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison

23 official must be aware of facts from which he could make an inference that "a substantial risk of

24 serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837,

25 114 S. Ct. 1970, 1979 (1994).

26    Initially, the Court notes that Plaintiff alleges that he was taken to the hospital and x-rays

27 were taken of his injury, which indicates that he did receive medical care after being shot.

28 Further, Plaintiff has failed to identify any individual who was aware of his need for medical

1  care and failed to respond.  Simmons, 609 F.3d at 1018.  The conclusory allegation that Plaintiff

2  did not receive medical care is insufficient to state a claim.  Iqbal, 556 U.S. at 678.

3       **D.**    **Leave to Amend**

4       Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

5  requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

6  (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the

7  amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

8  delay in the litigation; or (4) is futile."  Id.  In this instance, the Court finds that amendment of

9  the complaint would be futile as Plaintiff's claims are barred by the statute of limitations.

10       Federal law determines when a claim accrues, and "under federal law, a claim accrues

11  "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

12  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting

13  Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999));  Fink v. Shedler, 192 F.3d 911, 914

14  (9th Cir. 1999).  In the absence of a specific statute of limitations, federal courts should apply the

15  forum state's statute of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048;

16  Jones v. Blanas, 393 F.3d 918, 927 (2004);  Fink, 192 F.3d at 914.  As of January 1, 2003,

17  California's statute of limitations for personal injury actions requires that the claim be filed

18  within 2 years.  Cal. Code Civ. Proc. § 335.1;  Abreu v. Ramirez, 284 F.Supp.2d 1250, 1256

19  (C.D. Cal. 2003).  Absent any tolling provision, Plaintiff had two years from the date that the

20  cause of action accrued in which to file suit.  Plaintiff states that he was shot in 1999 and this

21  action was not filed until March 30, 2014, more than twelve years after the time in which he was

22  required to commence this action.

23       In actions where the federal court borrows the state statute of limitation, the court should

24  also borrow all applicable provisions for tolling the limitations period found in state law.  See

25  Hardin v. Straub, 490 U.S. 536, 539 (1989).  Pursuant to California Code of Civil Procedure

26  section 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in

27  pertinent part, as follows:

28       (a)  If a person entitled to bring an action . . . is, at the time the cause of action

accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

At the time that the cause of action for excessive force accrued Plaintiff was not imprisoned so the additional two years would not apply to the excessive force claim. Cooper v. Franchise Tax Bd., 661 F.Supp.60, 61 (N.D. Cal. 1987).

Also applicable is California Government Code section 945.3 which tolls the statute of limitations during the time that criminal charges against the accused are pending before the Superior Court. Even considering these tolling provisions, Plaintiff's complaint, filed over fourteen years after the incidents alleged, would be barred by the statute of limitations.

The Court is aware that an inmate is entitled to equitable tolling while he exhausts his administrative remedies. Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002). Plaintiff states that all of his attempts to exhaust the administrative remedy process were completely ignored. Given the length of time that has passed since the statute of limitations has run, even if Plaintiff did exhaust or was excused from exhausting his administrative remedies, the process would not have taken over twelve years. The Court finds that it would be futile to grant Plaintiff leave to file an amended complaint.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a claim under section 1983 for a violation of his civil rights. Further, while leave to amend should be freely granted under Federal Rule of Civil Procedure 15, in this instance it would be futile to allow Plaintiff to amend as his claims are barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed

for failure to state a claim and as barred by the statute of limitations.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to the findings and recommendations with the Court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **November 5, 2014**

UNITED STATES MAGISTRATE JUDGE